# Patrick J. Joyce Esq.

Attorney at Law
70 Lafayette Street, 2nd Floor
New York, New York 10013
(212) 285-2299
FAX (212) 513-1989

New Jersey Office:

658 Ridgewood Road
Maplewood, NJ 07040

November 12, 2024

The Honorable Kenneth Michael Karas
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: <u>United States v. Kashad Sampson</u>, et. al. (George Tatum)
    22 Cr 640 (KMK)

Dear Judge Karas,

    I represent George Tatum, the above named defendant in the instant indictment pending before the Court. I write to respectfully request that the Court schedule a bail hearing in this matter, to which the Government does not consent. Mr. Tatum was arraigned on 11/28/2023 and a consent Order of detention was entered. Mr. Tatum specifically reserved his right to contest this order at a later date.

    There are several candidates which are believed to qualify as financially responsible. The candidates' names, relationship to Mr. Tatum, address, contact information, and professions are listed below:

    1. Anton Brown
        a. Relationship: Long-term friend
        b. Address: ███
        c. Phone Number: ███
        d. Job Details: ███

    2. Terry Jones
        a. Relationship: Long-term friend
        b. Address: ███

    c. Phone Number:
    d. Job Details:

  3. Tyrone White
    a. Relationship: Brother
    b. Address:
    c. Phone Number:
    d. Job Details:



  Mr. Tatum is currently charged in the thirty-first count and thirty-second count of a thirty-four count indictment. Count thirty-one charges Mr. Tatum with narcotics trafficking in violation of 21 U.S.C. 841(a)(1) & 841(b)(1)(A). Count thirty-two charges Mr. Tatum with possession of a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A)(i).

LAW GOVERNING PRE-TRIAL RELEASE

  The Eighth Amendment to the United States Constitution prohibits excessive bail. U.S. Const. Amend. VIII. In accordance with this mandate, the Bail Reform Act of 1984, 18 U.S.C. §3141 et seq. (hereinafter the Act), requires a defendant's release pending trial "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or community." 18 U.S.C §3142 (b); see also *United States v. Sabhnani*, 493 F.3d 63, 74-75 (2d Cir.2007, "Because the law generally favors bail release, the [G]overnment carries a dual burden in seeking pre-trial detention." *Sabhnani,* 493 F.3d at 75. First, if detention is sought on the ground of dangerousness, the Government must show by clear and convincing evidence the defendant is dangerous to another person or to the community. If it satisfies this first requirement, the Government must then demonstrate that no condition or combination of conditions could reasonably assure the community's safety. 18 U.S.C. § 3142 (f). See also *U.S. v. Dillard,* 214 F.3d 88, 91 (2d Cir. 2000).

  The Bail Reform Act reflected recognition by Congress that "there was a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community." *United States v. Chimurenga,* 760 F.2d 400, 403 (2d Cir. 19850). Case law supports the view that "it is only a limited group of

offenders who should be denied bail pending trial." *Sabhnani*, 493 F.3d at 75 (internal quotation omitted); See also *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987).

Under the Act, cases involving certain offenses trigger a rebuttable presumption subject to further judicial findings that no condition or combination of conditions will reasonably assure the safety of the community or reasonably assure the defendants continued presence. However, even in a presumption case, a defendant bears only a limited burden of production-not a burden of persuasion- to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight. When a defendant meets the limited burden of production, the presumption is rebutted and is merely a factor to be considered among all the factors to be considered by the Court. The Government retains its burden of persuasion to establish by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community and that the defendant's continued presence cannot be reasonably assured by reasonably imposed conditions by a preponderance of the evidence. *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

A finding of danger by clear and convincing evidence requires proof that "the evidence supports such a conclusion with a high degree of certainty." *United States v. Chimurenga*, 760 F.2d at 405 quoting *Addington v. Texas*, 441 U.S. 418,431 (1979). Only where there is a strong probability that a person will commit additional crimes if released may the need to protect the community become sufficiently compelling that detention is, on balance, appropriate. *United States v. Colombo*, 77 F.2d 96, 98-99.

I believe that, given Mr. Tatum's role in this conspiracy, the Court will agree that the requested bail package is sufficient to achieve the goals of the *Bail Reform Act*.

Therefore, it is respectfully requested that the Court set this matter down for a bail review hearing at a date convenient to the Court.

Respectfully submitted,

Patrick Joyce

Patrick Joyce
Attorney for Defendant George Tatum

*Granted. The Court will hold a bail hearing on 11/15/24 at 11:00 AM*

SO ORDERED:

HON. KENNETH M. KARAS U.S.D.J.

11/13/24